# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4705-17T1

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

M.E.,

      Defendant-Appellant,

and

J.M.,

      Defendant.

_____

IN THE MATTER OF M.M.,

      a Minor.

_____

Submitted August 5, 2019 – Decided August 9, 2019

Before Judges Sabatino and Rose.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FN-02-0295-17.

Joseph E. Krakora, Public Defender, attorney for appellant (Fabiola E. Ruiz-Doolan, Designated Counsel, on the briefs.)

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason Wade Rockwell, Assistant Attorney General, of counsel; Victoria Kryzsiak, Deputy Attorney General, on the brief.)

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Danielle Ruiz, Designated Counsel, on the brief.)

Defendant M.E. appeals from the Family Part's January 16, 2018 order concluding, after a fact-finding hearing, she abused and neglected her seven-year old daughter, M.M. (Maria).[1] We affirm substantially for the reasons set forth in Judge Jane Gallina-Mecca's cogent oral opinion.

The judge's opinion, spanning twenty transcript pages, sets forth the facts in detail, and we incorporate by reference her findings here. Judge Gallina-Mecca conducted the fact-finding hearing on October 26, 2017, at which plaintiff Division of Child Protection and Permanency (Division) presented the

---

[1] Due to the similarity of family names and initials, we use pseudonyms for ease of reference and privacy. R. 1:38-3(d)(10).

testimony of caseworker Lori Laverty; Maria's father, J.M. (John)[2]; and New Milford Police Officer Bryan Mone; and introduced documents in evidence, including Division investigation reports and police reports.  Neither defendant nor the law guardian presented any witnesses or documentary evidence at the hearing.

In her comprehensive opinion, Judge Gallina-Mecca carefully reviewed the testimony and evidence presented at the hearing.  She found the testimony of Laverty, John, and Mone credible, based on their manner of testifying, personal knowledge, and lack of inconsistent or contradictory statements.  The judge noted Laverty and Mone also lacked a personal interest in the outcome of the proceedings.  Although John's interest in the proceedings was obviously personal, the judge recognized he had Maria's "best interest at heart."  The judge also determined Maria's statements concerning defendant's conduct were corroborated.  See N.J.S.A. 9:6-8.46(a)(4) (providing "previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence; provided, however, that no such statement, if uncorroborated, shall be sufficient to make a fact finding of abuse or neglect").

---

[2]  John was named as a defendant, but is not a party to this appeal.

A-4705-17T1

Judge Gallina-Mecca concluded the Division established by a preponderance of the evidence that defendant abused or neglected Maria under N.J.S.A. 9:6-8.21(c)(4).  The judge elaborated:

> A review of the material, relevant and competent evidence in this case leads to the inexorable conclusion that the Division has proven by a preponderance of the evidence that the defendant mother placed [Maria] at a substantial risk of harm when she was intoxicated and unable to care for her daughter and allowed her to be driven by a drunk driver. . . .
>
> The [c]ourt finds that [Maria]'s disclosures concerning parental behaviors were corroborated by the admissions made by the defendant mother and information [ob]tained by the Division during its investigation. Specifically, [defendant] admitted to drinking frequently to the point of intoxication.  She also admitted that she had previously been referred to substance abuse treatment.   These admissions are sufficient to corroborate [Maria]'s report concerning her mother's relationship with alcohol.
>
> [Maria] described her mother as drinking wine and alcohol every day.  She explained that her mother often has too much to drink causing her to act differently.  [Maria] described her mother when drunk as shaking, not walking properly, slurring her words, melting to the floor and being unable to get up or do things for herself when she drinks.
>
> [Maria] is fearful when her mother drinks and she has devised an escape plan if her mother ever becomes too drunk.  By her own admissions, it is abundantly clear that the defendant mother has a serious untreated alcohol issue and the uncontroverted evidence

establishes that [Maria] was exposed to and [a]ffected by her mother's drinking.

This fact is not, however, of any consequence in analyzing the defendant mother's actions on the evening of the referral incident to determine whether those accidents rose to the level of abuse or neglect. It is uncontroverted that [defendant] was inebriated while in the caretaking role of her daughter at the party on December 19, 2016 [(the incident date)].

[Defendant] admitted that she consumed a significant amount of alcohol and was unable to drive herself and [Maria] home from the party. Nevertheless, in her impaired state she determined that her paramour [Michael] was indeed the appropriate choice of driver. While [defendant] surmised that [Michael] was not drunk since he only arrived to the party an hour before, her seven-year-old daughter was able to recognize that he was under the influence.

[Maria] observed her mother at the party to be walking side-to-side with shaking arms. She described [Michael] as also shaking but not as much as her mother. These observations were corroborated as to [defendant] by her own admission and as to [Michael] by Officer Mone.

As the Appellate Division concluded in [Division of Child Protection & Permanency v.] J.A., [436 N.J. Super. 61, 68 (App. Div. 2014),] a parent or guardian who permits a child to ride with an inebriated driver acts inconsistently with N.J.S.A. 9:6-8.21(c)(4). It is not less reckless but more so that [defendant] was not in a position to assess the condition of her paramour because she too was inebriated.

[Defendant] was responsible for her daughter's safety yet she was in an intoxicated state so that she could neither ensure her child's safety nor make an appropriate plan for her. Even if [Michael] had only one beer at the party and arrived late, [defendant] had no idea where he was previously and whether he had been drinking. Without any inquiry and a complete lack of judg[]ment, [defendant] permitted her child to ride with a drunk driver placing her precious child in peril because she was too intoxicated to adequately provide for her daughter's safety.

It is unquestionable that [defendant] acted with reckless disregard for her child's safety that could have resulted in an unspeakable tragedy. Therefore, the [c]ourt finds that [defendant] failed to exercise a minimum degree of care in caring for her child and as such, the [c]ourt finds that the Division has successfully established by a preponderance of the evidence that [defendant] committed an act of abuse or neglect against her minor child pursuant to N.J.S.A. 9:6-8.21(c)(4).

Following a dispositional hearing, the judge determined there was no longer a need to continue litigation and dismissed the matter. Defendant now appeals. She argues the record is insufficient to establish abuse and neglect by a preponderance of the evidence. In particular, she claims the judge's finding that she was "intoxicated to the point she was unable to care for her daughter" is contradicted by Mone's response after he arrested Michael for driving while intoxicated, i.e., Mone did not arrest defendant and permitted Maria to return

6

home with her. The Division and law guardian urge us to affirm the judge's order.

Our standard of review of the Family Part's fact-finding determination is limited. On appeal from orders issued in Title 9, we accord considerable deference to the trial court's credibility determinations and findings of fact, as long as those findings are supported by adequate, substantial, and credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 278-79 (2007). We maintain that deference "unless the trial court's findings 'went so wide of the mark that a mistake must have been made.'" Id. at 279. Moreover, we do not readily second-guess the factual findings of the Family Part in general, given that court's special expertise in matters concerning children. N.J. Div. of Youth & Family Servs. v. R.G., 217 N.J. 527, 553 (2014). Applying that limited and well-settled scope of review, we affirm the trial judge's finding of abuse and neglect, substantially for the sound reasons expressed in Judge Gallina-Mecca's opinion. We add only a few comments.

N.J.S.A. 9:6-8.21(c) defines various circumstances that can comprise the abuse or neglect of a child. Among other things, the statute specifically covers:

> [A] child whose physical, mental, or emotional
> condition has been impaired or is in imminent danger
> of becoming impaired as the result of the failure of his

7

> parent or guardian, as herein defined, to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or substantial risk thereof, including the infliction of excessive corporal punishment; or by any other acts of a similarly serious nature requiring the aid of the court . . . .
>
> [N.J.S.A. 9:6-8.21(c)(4)(b).]

Our Supreme Court has noted, "[t]he law's paramount concern is the safety of the children, and not the culpability of parental conduct." N.J. Div. of Youth & Family Servs. v. A.L., 213 N.J. 1, 18 (2013) (citations and internal quotation marks omitted); see also G.S. v. Dep't of Human Servs., Div. of Youth & Family Servs., 157 N.J. 161, 177 (1999). "The focus in abuse and neglect matters . . . is on promptly protecting a child who has suffered harm or faces imminent danger." A.L., 213 N.J. at 18 (emphasis added) (citing N.J.S.A. 9:6-8.21(c)(4)).

Relevant here, a court need not wait until a child is actually harmed or neglected before it can act in the welfare of that minor. N.J. Div. of Youth & Family Servs. v. V.M., 408 N.J. Super. 222, 235 (App. Div. 2009) (citing In re Guardianship of D.M.H., 161 N.J. 365, 383 (1999)). Thus, "[i]n the absence of actual harm, a finding of abuse and neglect can be based on proof of imminent

danger and substantial risk of harm." A.L., 213 N.J. at 23 (citing N.J.S.A. 9:6-8.21(c)(4)(b)).

A court's finding of abuse or neglect must be based on a preponderance of the evidence when the proof is considered in its totality. N.J.S.A. 9:6-8.46(b)(1); N.J. Div. of Youth & Family Servs. v. C.M., 181 N.J. Super. 190, 201 (App. Div. 1981) ("In child abuse and neglect cases the elements of proof are synergistically related. Each proven act of neglect has some effect on the [child]. One act may be 'substantial' or the sum of many acts may be 'substantial.'"). Notably, the Title 9 proof standard is less stringent than in guardianship cases for the termination of parental rights, which must instead be proven by clear and convincing evidence. See N.J.S.A. 30:4C-15.1(a). The proofs adduced before Judge Gallina-Mecca amply met these evidentiary standards.

As the judge aptly found, the Division established, by a preponderance of the credible evidence, defendant abused or neglected Maria by failing to recognize in her intoxicated state that Michael was too intoxicated to drive. Defendant also later acknowledged her brother, who had not been drinking on the incident date, was a viable alternative to drive Maria home. Although the judge was careful to limit her findings to the incident date, she also aptly cited

Maria's continued trepidation that defendant's ongoing inebriation would interfere with her ability to parent. Notably, Laverty testified that in the course of her ten-year employment with the Division, she had never experienced a child of Maria's age "formulating an escape plan" under similar circumstances.

The evidence of neglect is readily apparent from the record. Defendant's ongoing inebriation impacted Maria's welfare. Indeed, Maria's disclosures to Laverty about defendant's appearance when she drank were remarkable for a seven-year-old child. Maria said defendant's "arms shake, . . . she slurs her words together . . . [she] walks side to side." Maria further told Laverty that defendant and Michael "drink together sometimes and [Maria] thinks at least one of them shouldn't be drinking . . . because at least one of them should have a brain." Defendant and Michael "don't make good decisions when they're drunk and at least one of them should have good ideas." Maria was "afraid when her mother . . . drink[s] because when her mother melts to the floor, she can't take care of herself and [Maria] knows that she can't take care of [Maria] either."

Defendant did not dispute Maria's account. Although defendant denied she was an alcoholic, she admitted she "sometimes" drank alcohol to the point of intoxication. Defendant also acknowledged a prior family court order directing her to attend substance abuse treatment, but claimed she failed to do

10

so for financial reasons. Thus, Maria's claims of abuse or neglect are amply corroborated by defendant's own statements.

Contrary to defendant's contention, her actions on the day of the incident placed Maria in imminent danger, even though Mone permitted the child to return home with defendant. When Mone pulled over Michael's car, "[r]ight away [he] smelled the odor of alcohol emanating from the vehicle." Michael admitted he consumed "about five beers," failed the standard field sobriety test, and his blood alcohol content (BAC) was 0.15 percent, supporting Mone's field test findings. See N.J.S.A. 39:4-50(a) (providing a person who operates a motor vehicle is considered under the influence of intoxicating liquor if his or her BAC is 0.08 percent or more by weight of alcohol in the blood).

We therefore conclude the Division introduced substantial credible evidence to demonstrate defendant abused or neglected Maria by allowing her daughter to ride in an automobile Michael was driving while legally intoxicated. As Judge Gallina-Mecca recognized, a parent "who permits a child to ride with an inebriated driver acts inconsistently with N.J.S.A. 9:6-8.21(c)(4)." J.A., 436 N.J. Super. at 68. "[N]o reasonable person could fail to appreciate the danger of permitting children to ride in a motor vehicle driven by an inebriated operator." Id. at 69. Thus, in J.A., we found that a father "was grossly negligent

11

in failing to protect the children from the imminent risk posed by [their mother's] driving." Id. at 69-70. Here, defendant's gross negligence was underscored by her inability to recognize Michael's intoxication.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION